**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**RALPH ALICEA,**

                               **Plaintiff,**

   vs.                                                 9:12-cv-203
                                                                (MAD/TWD)

**JOHN MALY; M. TRINIDAD; E. BODISON;
S. KOBER; AND JOHN/JANE DOE,**

                               **Defendants.**

---

**APPEARANCES:**                             **OF COUNSEL:**

**RALPH ALICEA**
**04-A-1138**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**HON. ERIC T. SCHNEIDERMAN**       **ADRIENNE J. KERWIN, ESQ.**
Attorney General of the State of New York   Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

In September of 2003, a jury found Plaintiff guilty of criminal charges and he was committed to the care and custody of the New York State Department of Corrections and Community Supervision ("DOCCS") for an indeterminate sentence. *See* Dkt. No. 14 at 4-5. In November of 2005, Plaintiff was placed in the Shawangunk Correctional Facility ("Shawangunk

C.F.").[1]  *See id.* at 6.

The facts set forth below arise out of an amended complaint Plaintiff filed against Defendants John Maly, M. Trinidad, E. Bodison, S. Kober, and John/Jane Doe[2] in their individual capacities.  *See* Dkt. No. 14 at 1, 3-4.  Defendants are employees of Shawangunk C.F.  *See id.* at 3-4.  Plaintiff seeks compensatory and punitive damages, as well as equitable relief, pursuant to 42 U.S.C. § 1983.  *See id.* at 1.  In his amended complaint, Plaintiff alleges that Defendants

> denied his constitutional rights of access to the courts; denied due process of law; denied free speech; denied confidential communication(s) with his attorney of record; denied free flowing privileged mail with his attorney; denied to be free from retaliation for the redress of grievance(s); and denied to be free from illegal searches and seizures, all acts being conducted in violation of plaintiff's rights as secured and guaranteed under the First, Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

*See id.* at 1-2.  Defendants moved to dismiss the complaint.  *See* Dkt. No. 24-1.

Currently before the Court is Plaintiff's objection to Magistrate Judge Dancks' Report and Recommendation, in which she recommended that Defendants' motion be granted in part and denied in part.  *See* Dkt. No. 32.

## II. BACKGROUND

In November of 2008, Plaintiff's wife visited inmate Daniel K. Monko (Monko) at Shawangunk C.F., and left him a package of food.[3]  *See* Dkt. No. 14 at 9.  Corrections Officer

---

[1] In June of 2011, Plaintiff was transferred from Shawangunk C.F. to Upstate Correctional Facility; Plaintiff's claims all originate from his time at Shawangunk C.F..  *See* Dkt. No. 14 at 33.

[2] Defendant Doe is Defendant Trinidad's "immediate area supervisor."  *See* Dkt. No. 14 at 21.

[3] The background facts are taken from Plaintiff's complaint and are, for the purposes of this motion to dismiss for failure to state a claim, accepted as true.  *See Bell Atl. Corp. v.*

(continued...)

2

("C.O.") Freeman, under the belief that Plaintiff was attempting to circumvent package room sanctions, marked the food items with an ultraviolet ink stamp. *See id.* C.O. Freeman then searched Plaintiff's cell and found food items with the pre-marked ultraviolet ink stamp, among other contraband items. *See id.* at 9-10. C.O. Freeman issued Plaintiff and Monko misbehavior reports. *See id.* at 10. During his hearing, Monko informed Defendant Maly that C.O. Freeman had engaged in misconduct in reporting them, and Monko demonstrated that the food delivered by Plaintiff's wife still remained in his cell. *See id.* at 10-11. Monko was found not guilty of the violations listed in his misbehavior report, and Defendant Maly assured Monko that he would report C.O. Freeman's misconduct. *See id.* at 11. At Plaintiff's hearing, his violations regarding the food items were also dismissed. *See id.* at 12. Afterwards, an unnamed corrections officer warned Plaintiff that "Freeman's girl Trinidad was gunning for [Plaintiff]." *See id.* at 12-13. "Freeman was escorted out of [Shawangunk C.F.] – and will not be allowed to return – pending the outcome of the investigation into her deliberate misconduct against plaintiff." *See id.* at 13. As a result, "numerous S.C.F. staff advised Plaintiff, on numerous occasions, that the matter with C.O. Freeman was far from over and retaliation will be forthcoming." *See id.*

Plaintiff claims that he and his family were retaliated against by Shawangunk C.F. employees due to Plaintiff's exposure of C.O. Freeman's misconduct. *See id.* Plaintiff was passed over for facility jobs. *See id.* Plaintiff was made to wait for long periods of time for visitation with his family and, on one occasion, another inmate was sent to visit with Plaintiff's family. *See id.* at 15. Plaintiff was denied barbershop service and was threatened by an employee, who referenced C.O. Freeman in his threat. *See id.* Defendant Bodison, Plaintiff's corrections counselor, issued Plaintiff unfavorable evaluations and refused to expunge SHU references from

---

[3](...continued)
*Twombly*, 550 U.S. 544, 572 (2007).

Plaintiff's file, despite the misbehavior having been reversed and expunged. *See id.* Plaintiff stopped meeting with Defendant Bodison due to continuous threats from him. *See id.* At one point, Defendants Bodison and Kober informed Plaintiff that he and his family had been marked for retaliation. *See id.* at 15-16.

These threats led Plaintiff to fear for his family's safety, and not allow them to participate in the Shawangunk C.F. Family Reunion Program. *See id.* at 16. Plaintiff's wife was also subjected to racial slurs. *See id.* Plaintiff filed grievances and verbally complained upon each of these instances, but no action was taken. *See id.* at 16-17.

Plaintiff properly submitted an inmate grievance complaint against C.O. Freeman, but the complaint took seven days to reach the Inmate Grievance Resolution Committee ("IGRC"). *See id.* at 19. The IGRC reached a deadlocked decision on Plaintiff's complaint about C.O. Freeman, and Plaintiff appealed this decision. *See id.* at 22. Plaintiff's appeal, although deposited correctly, did not reach the IGRC Clerk for almost two months. *See id.* at 23.

In 2009, Plaintiff had filed a petition for a writ of habeas corpus, and was appealing one of the judgments against him. *See id.* at 18-20. On January 29, 2009, Plaintiff's counsel Greenberg sent Plaintiff copies of all of the documents from his appeal, as privileged and confidential legal correspondence. *See id.* at 20. Defendant Trinidad received the package of documents. *See id.* at 20-21. Plaintiff received followup legal correspondence from Greenberg in February, stating that he had sent Plaintiff documents, and that they had been signed for by Defendant Trinidad. *See id.* Plaintiff filed a grievance against Defendant Trinidad, complaining that his mail was being withheld from him for retaliatory purposes, thereby preventing him from properly litigating his pending legal matters and meeting mandatory court-imposed deadlines. *See id.* at 24.

When Plaintiff complained to Defendant Maly about this, he informed Plaintiff that the

4

package had been inspected, and only contained legal documents. *See id.* at 25-26. Plaintiff then filed a second grievance, stating that he was being denied his right to access to the courts, that he could not properly litigate, and that Defendants were doing this for retaliatory purposes. *See id.* at 26-27. Plaintiff requested copies of the documents, or an official written notice in order to notify the court of the cause of the delay. *See id.* at 27. Plaintiff's request was denied, and Plaintiff was told that his package was suspect legal mail, sent by an anonymous sender. *See id.* at 28. Plaintiff continued to ask Defendant Maly to provide him with the documents, give him copies of the documents, or send the documents back to Greenberg. *See id.* at 29. Plaintiff's request was denied, and he was told that his package was suspicious and that the sender was anonymous. *See id.* at 30.

Plaintiff claims that Defendants' conduct prevented him from filing any documents in his pending legal matters; specifically, Plaintiff was precluded from filing a supplemental brief in his appeal, as he was unable to oppose the New York City District Attorney's motion requesting preclusion. *See id.* at 31-32. Plaintiff continued to request his documents to no avail. *See id.* at 33. After being transferred to Upstate C.F., Plaintiff submitted a Freedom of Information Law ("FOIL") request to review his package. Plaintiff then reviewed and identified pages to be copied from the file. *See id.* at 34. During the review, Plaintiff discovered a copy of what appeared to be the mailing labels from Greenberg's package, which stated that the package was from Greenberg. *See id.*

In this civil rights case, Plaintiff raises the following claims: (1) Defendants Trinidad, Doe and Maly "knowingly and willfully denied Plaintiff of his First Amendment right to communicate freely with his attorney[]"; (2) Defendants Trinidad, Doe, and Maly "knowingly and willfully denied Plaintiff of his First Amendment right to free flowing incoming and outgoing mail from his attorney's [sic.] . . . and to the Shawangunk Correctional Facility grievance committee"; (3)

5

Defendants Trinidad, Doe, Maly, Kober and Bodison "knowingly and willfully denied Plaintiff of his First Amendment right to be free from retaliation for petitioning for redress of grievances, by depriving Plaintiff of fair and proper evaluations, depriving Plaintiff of available employment opportunities, threatening Plaintiff . . ."; (4) Defendants Trinidad, Doe, and Maly "knowingly and willfully denied Plaintiff of his Fourth Amendment right to be free from illegal searches and seizures"; (5) Defendants Trinidad, Doe, and Maly "knowingly and willfully denied Plaintiff of his Sixth Amendment right of access to the courts" depriving Plaintiff of his ability to effectively litigate, and causing "Plaintiff to delay, default, miss forfeit, etc., mandatory court imposed deadlines"; (6) Defendants Trinidad, Doe and Maly "knowingly and willfully denied Plaintiff of his Sixth Amendment right to counsel"; (7) Defendants Trinidad, Doe, and Maly "knowingly and willfully denied Plaintiff of his Fourteenth Amendment right to Due Process of Law"; and (8) Defendants Trinidad, Doe, Maly, Kober and Bodison "knowingly and willfully denied Plaintiff of his Fourteenth Amendment right to Due Process of Law, by threatening and retaliating against Plaintiff for utilizing established inmate grievance procedures and hindering Plaintiff's utilization of [them]." *See id.* at 38-42. Plaintiff requests declaratory relief, compensatory damages in the amount of $25,000.00 from each Defendant, and punitive damages of $2,000.00 from each defendant. *See id.* at 42-43.

On May 13, 2013, Magistrate Judge Dancks issued a Report-Recommendation and Order, which recommended that the Court dismiss the following claims with prejudice: "(1) Plaintiff's Fourth Amendment search and seizure claim against Defendants Trinidad, Maly, and John/Jane Doe; and (2) all claims against Defendants, including John/Jane Doe, alleging that Plaintiff was denied meaningful access to the inmate grievance procedures and/or that his grievances were not thoroughly investigated and considered, or otherwise properly handled[.]" *See* Dkt. No. 32 at 32. Further, Magistrate Judge Dancks recommended that the Court dismiss the following claims with

leave to amend:

> (1) all claims against Defendants Trinidad, Maly, and John/Jane Doe for violation of Plaintiff's right to freely communicate with his counsel; (2) all claims against Trinidad, Maly and John/Jane Doe for violation of Plaintiff's right to free flowing incoming and outgoing mail to his counsel; (3) all claims against all Defendants alleging violation of DOCCS directives; (4) all claims for retaliation against Defendants Kober and Maly; (5) all claims for denial of Plaintiff's right to counsel against Defendants Trinidad, Maly, and John/Jane Doe; [and] (6) all claims for violation of Plaintiff's right to access to court against Defendants Trinidad, Maly, and John/Jane Doe[.]

*See id.* at 32-33. Finally, the Report-Recommendation and Order recommended that the Court deny the motion as to Plaintiff's retaliation claims against Defendants Bodison and Trinidad and direct those Defendants to respond to those claims. *See id.* at 33.

Concerning Plaintiff's retaliation claim, Magistrate Judge Dancks found that Plaintiff did not allege that Defendant Kober was involved in any of the adverse actions towards him and, therefore, failed to allege Defendant Kober's personal involvement in his retaliation cause of action. *See id.* at 16-17. Magistrate Judge Dancks found that Defendant Kober's verbal threats toward Plaintiff are insufficient to be considered retaliation because "'vague intimations of some unspecified harm generally will not rise to the level of adverse action for the purpose of a First Amendment retaliation claim.'" *See id.* at 16-18 (quoting *Bumpus v. Canfield*, 495 F. Supp. 2d 316, 326 (W.D.N.Y. 2007)). Magistrate Judge Dancks did not recommend dismissal of Plaintiff's retaliation claim against Defendant Bodison, however, because Plaintiff alleged that Defendant Bodison retaliated against him by "issuing him [multiple] unwarranted negative quarterly evaluations and refusing to expunge SHU references," and Defendant Bodison's threats of retaliation support an inference that Defendant Bodison's behavior was "causally connected to Plaintiff's exposure of Freeman's conduct." *See id.* at 18-20.

Moreover, Magistrate Judge Dancks determined that Plaintiff did not state a claim for

7

which relief can be granted regarding Defendants denying him access to the courts. *See id.* at 22-26. Magistrate Judge Dancks found that Plaintiff failed to "describe the purportedly compromised underlying case and set forth sufficient facts to give fair notice of it to the defendants . . . '[and] show that the "arguable" nature of the underlying claim is more than hope.'" *See id.* at 25 (citing *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002)). Magistrate Judge Dancks held that Plaintiff "failed to comply with the pleading requirements regarding the underlying claims in his criminal appeal and habeas corpus proceeding, without which he cannot be found to have stated a claim for denial of access to courts." *See id.* at 25-26. As such, the Report recommended that Plaintiff's access to courts claim be dismissed, with leave to amend. *See id.* at 26.

As to Plaintiff's First Amendment right to the free flow of mail claim, Magistrate Judge Dancks stated that "'an isolated incident of mail tampering is usually insufficient to establish a constitutional violation'" and that, "[i]nasmuch as Plaintiff has alleged only one incident of unjustifiable interference with incoming legal mail, he has failed to state a claim." *See id.* at 27 (citing *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986)).

Magistrate Judge Dancks found that Plaintiff adequately alleged that Defendants Trinidad and Maly acted adversely towards him, and that Plaintiff made a "facially plausible showing of a causal connection between Plaintiff's protected conduct in exposing Freeman's misconduct and Trinidad's withholding of Plaintiff's legal documents." *See* Dkt. No. 32 at 29. Therefore, Magistrate Judge Dancks recommended that the Court deny the motion to dismiss Plaintiff's Third and Seventh Causes of Action for retaliation as to Defendant Trinidad. *See id.* Magistrate Judge Dancks also determined, however, that Plaintiff failed to allege any facts "suggesting that Maly's actions with regard to Plaintiff's legal documents were taken in retaliation for his exposing Freeman's misconduct." *See id.* Magistrate Judge Dancks stated that "when Monko told Maly

8

about Freeman's conduct, Maly found Monko not guilty . . . and told Monko to report Freeman's conduct." *See id.* Thus, Magistrate Judge Dancks recommended that the Court dismiss Plaintiff's Third and Seventh Causes of Action for retaliation as applied to Defendant Maly, with leave to amend. *See id.*

Magistrate Judge Dancks recommended that Plaintiff's Fourth Amendment search and seizure claim be dismissed without leave to amend, *sua sponte*, because the "well settled law that inmates have no reasonable expectation of privacy in their cells and are not entitled to Fourth Amendment protections against searches and seizures applies equally to inmate's mail." *See id.* at 30 (citing *Tregalia v. Cate*, No. C 11-3438, 2012 U.S. Dist. LEXIS 122248 (N.D. Cal. Aug. 28, 2012) (citing *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984))). Finally, Magistrate Judge Dancks determined that Plaintiff failed to state a claim regarding the improper handling of his grievances, and recommended that this cause of action be dismissed without leave to amend, due to the "well-established law that failure to see that grievances are properly processed does not create a claim under § 1983." *See id.* at 32.

### III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.     Plaintiff's Objections**

Plaintiff submitted objections to Magistrate Judge Dancks' Report and Recommendation. *See* Dkt. No. 33. Plaintiff objects to the dismissal of the claims that Magistrate Judge Dancks recommended be dismissed without prejudice, with the exception of his claim that Defendants violated DOCCS' directives. *See id.* at 2-4. Specifically, after stating the portion of the Report to which he is objecting, Plaintiff simply argues that "his amended complaint and/or his submitted answer, with supporting case law, to Defendants['] motion to dismiss establishes that Plaintiff has raised a plausible claim in accordance with well established Federal Law[.]" *See* Dkt. No. 33 at 2-4.

10

Plaintiff has provided the Court with no new facts or law in support of his conclusory assertion that his previous submissions are sufficient to state plausible causes of action. These conclusory objections to the Report-Recommendation and Order are insufficient to justify the application of *de novo* review. *See Tafari v. Prack*, No. 9:12-cv-703, 2012 WL 2571305, *1 (N.D.N.Y. July 3, 2012) (citation omitted). As such, the Court will review Magistrate Judge Dancks' Report- Recommendation and Order for clear error.

**C.     Review of Recommendation and Order**

The Court has reviewed Magistrate Judge Dancks' Report-Recommendation and Order and finds that she correctly recommended that the motion to dismiss should be granted in part and denied in part. As to Plaintiff's retaliation claim against Defendant Kober, the only factual allegations supporting personal involvement by Defendant Kober in specific retaliatory conduct are allegations that he made verbal threats to Plaintiff. *See* Dkt. No. 14 at ¶ 43. The vague threats that Defendant Kober allegedly made are, however, insufficient to constitute adverse action for purposes of a First Amendment retaliation claim. *See Bumpus v. Canfield*, 495 F. Supp. 2d 316, 326 (W.D.N.Y. 2007) (citation omitted). As to his access to the courts and free speech claims against Defendants Trinidad, Maly and Doe, Magistrate Judge Dancks correctly recommended dismissal. Plaintiff failed to describe the purportedly compromised underlying case, *see Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002), was represented by counsel at the time of the alleged deprivations, *see Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004), and alleged only a single incident of unjustifiable interference with his legal mail. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 64 (2d Cir. 2012).

Moreover, although not addressed in the Report, Plaintiff alleges that he was granted leave to file a supplemental appellate brief, *pro se*, in his direct appeal on November 14, 2006 and

11

continued to work "diligently" on that brief until February of 2009. *See* Dkt. No. 14 at ¶¶ 20, 22. However, the First Department affirmed Plaintiff's conviction on October 3, 2006, and the Court of Appeals denied leave to appeal on December 19, 2006. *See People v. Alicea*, 33 A.D.3d 326 (1st Dep't 2006), *leave denied*, 7 N.Y.3d 923 (2006). Moreover, Plaintiff's petition for writ of error *coram nobis* was denied by the First Department on or about July 1, 2008, and the Court of Appeals denied leave to appeal. *See* Dkt. No. 14 at ¶¶ 23-25. As such, the Court is unsure how Defendants' confiscation of Plaintiff's legal material in early 2009 had an adverse impact on Plaintiff's ability to pursue his criminal appeals.

Finally, even if Plaintiff's complaint is related to his habeas corpus petition which was filed in the Southern District of New York on March 6, 2009, it is clear from a review of that docket and decision denying the petition on the merits that Plaintiff was in receipt of his legal materials in time to file a traverse before the court rendered its decision. *See Alicea v. Smith*, No. 1:09-cv-2074, Dkt. Nos. 1, 35-38 (S.D.N.Y.). In that case, the traverse was originally due on December 26, 2011, and the district court granted Plaintiff repeated extensions of time, eventually permitting Plaintiff to file his traverse by June 1, 2012. *See id.* at Dkt Nos. 25, 30, 32. Moreover, on November 28, 2011 and January 4, 2012, the court directed the respondent to send Plaintiff all materials required for him to prosecute his case, including the trial court transcripts, all materials required by Rule 5 of the Rules Governing Habeas Corpus Cases, and the Appendix in support of the respondent's opposition to the petition. *See id.* at Dkt. Nos. 25, 30. On July 31, 2012, the district court denied Plaintiff's petition on the merits. *See id.* at Dkt. No. 38. As such, based on the facts alleged in the amended complaint and facts of which the Court may take judicial notice, it is clear that Plaintiff has failed to allege that any of the Defendants' alleged misconduct prejudiced his direct appeal or collateral attack of his criminal conviction. *See Covino v. Reopel*, 108 F.3d 1369, *1 (2d Cir. 1997) (citation omitted). Therefore, Plaintiff has failed to plausibly

allege that any Defendants' conduct materially prejudiced a legal action he sought to pursue. *See id.* (citing *Lewis v. Casey*, 116 S. Ct. 2174, 2179, 2181 (1996)); *see also Randolph v. Vaugh*, No. 05 Civ. 3108, 2006 WL 416398, *4 (S.D.N.Y. Feb. 17, 2006) ("Thus, since the First Department heard and decided his criminal appeal on the merits, Randolph did not suffer any judicially cognizable injury from defendants' search of his cell and alleged seizure of his legal materials, and thus he has not alleged a claim of denial of access to the courts") (citations omitted).

Plaintiff also alleges in his complaint that Defendant Maly retaliated against him by confiscating his legal mail; a claim that is separate and apart from his access to court and free speech claims. This claim must be dismissed, however, because Plaintiff failed to allege facts adequately supporting a causal connection between his exposing Freeman's misconduct and Defendant Maly's confiscation of his legal documents. As such, Magistrate Judge Dancks correctly recommended that the Court should dismiss without prejudice this retaliation claim against Defendant Maly.

Based on the foregoing, the Court adopts Magistrate Judge Dancks' Report-Recommendation and Order in its entirety.

## IV. CONCLUSION

After carefully considering Magistrate Judge Dancks' Report-Recommendation and Order, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' May 14, 2013 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss the amended complaint (Dkt. No. 24) is

**GRANTED** in part and **DENIED** in part;[4] and the Court further

**ORDERS** that the following claims are **DISMISSED without leave amend**; (1) Plaintiff's Fourth Amendment search and seizure claim against Defendants Trinidad, Maly, and John/Jane Doe; and (2) all claims against Defendants, including John/Jane Doe, alleging that Plaintiff was denied meaningful access to the inmate grievance procedures and/or that his grievances were not thoroughly investigated and considered, or otherwise properly handled; and the Court further

**ORDERS** that the following claims are **DISMISSED with leave to amend**; (1) all claims against Defendants Trinidad, Maly, and John/Jane Doe for violation of Plaintiff's right to freely communicate with counsel; (2) all claims against Defendants Trinidad, Maly, and John/Jane Doe for violation of Plaintiff's right to free flowing incoming and outgoing mail to his counsel; (3) all claims against all Defendants alleging violation of DOCCS directives; (4) all claims for retaliation against Defendants Kober and Maly; (5) all claims for denial of Plaintiff's right to counsel against Defendants Trinidad, Maly, and John/Jane Doe; and (6) all claims for violation of Plaintiff's right to access to court against Defendants Trinidad, Maly, and John/Jane Doe; and the Court further

**ORDERS** that Defendants' motion to dismiss is **DENIED** as to Plaintiff's retaliation claims against Defendants Bodison and Trinidad; and the Court further

**ORDERS** that Defendants Bodison and Trinidad shall respond to Plaintiff's retaliation claims against them; and the Court further

**ORDERS** that, if Plaintiff wishes to proceed with any claims that the Court has dismissed with leave to amend, he shall file an amended complaint, as directed below, **within THIRTY**

---

[4] The Court notes that the claims against Defendant Doe are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**(30) DAYS** of the date of this Memorandum-Decision and Order;[5] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 23, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[5] Any amended complaint submitted by Plaintiff in response to this Memorandum-Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claims, and which names one or more specific individuals who engaged in acts of misconduct or wrongdoing which violated his constitutional rights. Any amended complaint filed **shall supersede and replace in its entirety the original complaint**, and therefore must be a complete pleading which sets forth **all of the claims that Plaintiff wants this Court to consider as a basis for awarding relief herein, including all claims that were not dismissed as a result of this Memorandum-Decision and Order.**