**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RALPH ALICEA,**

                  **Plaintiff,**

vs.                                           **9:12-cv-203
(MAD/TWD)**

**JOHN MALY; M. TRINIDAD; E. BODISON;
S. KOBER; AND JOHN/JANE DOE,**

                  **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**RALPH ALICEA
04-A-1138**
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004
Plaintiff *pro se*

**HON. ERIC T. SCHNEIDERMAN**          **ADRIENNE J. KERWIN, AAG**
Attorney General of the State of New York
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      In September of 2003, a jury found Plaintiff guilty of criminal charges and he was committed to the care and custody of the New York State Department of Corrections and Community Supervision ("DOCCS") for an indeterminate sentence. *See* Dkt. No. 14 at 4-5. In November of 2005, Plaintiff was placed in the Shawangunk Correctional Facility ("Shawangunk C.F."). *See id.* at 6.

      In his amended complaint, Plaintiff alleged that, among other things, Defendants retaliated against him in violation of his constitutional rights. *See* Dkt. No. 14. In an August 23, 2013

Memorandum-Decision and Order, the Court dismissed all of the claims in the amended complaint, with the exception of the retaliation claims against Defendants Trinidad and Bodison. *See* Dkt. No. 35. On September 14, 2014, Defendants Trinidad and Bodison moved for summary judgment on the remaining retaliation claims. *See* Dkt. No. 50.

In a June 19, 2015 Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court grant Defendants' motion and enter judgment in Defendants' favor. *See* Dkt. No. 56. As to the claims against Defendant Trinidad, Magistrate Judge Dancks found that Defendant Trinidad's conduct did not constitute an adverse action because she merely forwarded a package addressed to Plaintiff to her superior because she suspected that it contained contraband. *See id.* at 21. Since it was Defendant Maly who conducted the investigation of the package and made the determination that it was contraband, Magistrate Judge Dancks found that the evidence does not support a determination that Defendant Trinidad's actions constituted an adverse action for purposes of Plaintiff's retaliation claim. *See id.* Additionally, Magistrate Judge Dancks found that Plaintiff failed to produce evidence sufficient to raise a question of fact as to whether his protected conduct was a "substantial or motivating factor" in Defendant Trinidad's actions. *See id.* at 21-23.

As to Defendant Bodison, Magistrate Judge Dancks recommended that the Court find that Plaintiff has not put forth sufficient evidence establishing an adverse action by Defendant Bodison with regard to Plaintiff's family. *See id.* at 26. Further, the recommendation notes that Plaintiff has provided only conclusory assertions that Defendant Bodison's threats and hostile treatment towards Plaintiff's family were motivated by Plaintiff's protected activity. *See id.* Similarly, Magistrate Judge Dancks found that Defendant Bodison's issuance of three negative quarterly inmate reviews did not constitute an adverse action that was motivated by Plaintiff's protected activity. *See id.* at 27. Finally, the recommendation found that Plaintiff failed to

produce any evidence that Defendant Bodison acted to prevent him from being given a position in the law library in retaliation for protected activity. *See id.* at 28.

Currently before the Court is Magistrate Judge Dancks' Order and Report-Recommendation recommending that the Court grant Defendants Trinidad and Bodison's motion for summary judgment. Neither party has objected to the Order and Report-Recommendation.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than

that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Dancks correctly recommended that the Court should grant Defendants' motion for summary judgment in its entirety. Plaintiff has failed to produce sufficient evidence to support his claims against either

4

Defendant. Plaintiff's allegations against Defendant Trinidad fail to establish that she took an adverse action against him in retaliation for his alleged protected conduct. Further, the Order and Report-Recommendation correctly determined that Plaintiff's conclusory assertions as to Defendant Bodison are insufficient to survive the pending motion to dismiss.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' June 19, 2015 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants Bodison and Trinidad's motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 14, 2015
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge